## HINES v KERR

Ohio Appeals, 2nd Dist, Miami Co

No 280.  Decided Dec 7, 1931

Paul T. Klapp, Irvin C. Delscamp, Dayton, for plaintiff in error.

Shipman & Shipman, R. A. Kerr, Troy for defendant in error.

ALLREAD, PJ.

The case was brought to this court by a petition in error.  The defendant was a tenant in the property and claimed the personal property as trade fixtures and claimed the right to remove the same which he did at the time of or just before the completion of his term.  There was some conflict in the evidence.  The judgment being in favor of the defendant, the conflict in evidence must if possible be resolved in support of the judgment.  This is especially true in respect to the severance of alleged fixtures.  In the case of **Fortman v. Goepper, et al, 14 Oh St 558**, it is laid down that,

"Whether certain articles of personal property which were afterward added to the brewery by H. & B. could be removed without material injury to the freehold, or destroying their own qualities or value, was a question of fact, upon which the evidence in the court below was conflicting; and no sufficient grounds are shown in the record for disturbing the findings and judgment of that court."

So here upon the question as to whether the alleged fixtures could be removed without injury or detriment to the freehold was one of fact upon which the verdict of the jury is in our judgment controlling.

The remaining question is whether the personal property annexed to the freehold is of such a character as requires this court as a matter of law to hold that they are fixtures.  The testimony of the defendant and his witnesses tends to prove that the defendant has been in possession of a set of offices either personally or in connection with partners for a period of 43 years.  The defendant has been during said period of time engaged in the active practice of law and that these rooms have been occupied by him in that capacity.  The defendant placed these book cases and book shelves in that room in the ordinary way and the defendant and his witnesses testified that these cases and shelves were annexed and could be removed with the least possible injury to the freehold.  The testimony of the defendant also shows that after the village put in sewers, that a water closet was installed and connected with the sewer.  It was also contended by the defendant and his witnesses that this connection was made with the least possible injury to the freehold and could be removed without substantial damages.  The Yale lock was also put in the door by the tenant as an additional precaution and for safety.

The question is as to whether these articles of personal property were trade fixtures.  If they were, then the tenant was entitled to remove the same within his term by doing as little damage to the freehold as is possible.  In the case of **Teaff vs. Hewitt, 1 Oh St, 511**, there is an elaborate opinion by Bartlett, C. J., and his conclusion is thus expressed:

"From the examination which I have been enabled to give to this subject, and after a careful review of the authorities, I have reached the conclusion that the

united application of the following requisites will be found the safest criterion of a fixture:

"1. Actual annexation to the realty, or something appurtenant thereto.

"2. Appropriation to the use or purpose of that part of the realty with which it is connected.

"3. The intention of the party making the annexation, to make the article a permanent accession to the freehold—this intention being inferred from the nature of the article affixed, the relation and situation of the party making, the annexation, the structure and mode of annexation, and the purpose or use for which the annexation has been made.

"This criterion furnishes a test of general and uniform application; one by which the essential qualities of a fixture can, in most instances, be certainly and easily ascertained, and tends to harmonize the apparent conflict in the authorities relating to the subject. It may be found inconsistent with the reasoning and distinctions in many of the cases; but it is believed to be at variance with the conclusion in but few of the well considered adjudications. * * * When therefore a tenant erects expensive structures for carrying on his trade or business, which can be removed without their distruction or material injury to the freehold the presumption is a rational one that it was not the intention of the tenant to make them permanent accessions to the freehold and thereby donations to the owner of it."

The important feature of this case is the question of intention of the party making the annexation. It is conceded by all concerned that Kerr, the tenant, placed in the property these fixtures, that they were for his personal use and adapted to the use of his profession, and that they were removed with the least possible damages to the freehold. They were therefore trade fixtures and capable of removal by the tenant. The plaintiff in error claims that at the time he purchased the real estate, in which these office buildings were situated that the defendant was employed as an attorney to examine the abstract; that he examined the abstract and O.K.'d the title; that there was nothing in the abstract showing the fixtures or their location, and that Kerr made no statement that the property in question was removable as a fixture. It is claimed by the plaintiff that he purchased the real estate without notice of the defendant's claim of this property as fixtures, and that the plaintiff 'had the right to rely upon this as acquiescence in

plaintiff's claim that the property was not a fixture. We are clear that there was nothing that required the defendant Kerr to make any claim as to his rights to a removal of the fixtures. We think there was nothing in the transaction done by Kerr that would affect his claim to remove the fixtures. In our judgment the book cases and shelves were clearly trade fixtures. They were only of use to a lawyer or some one in a similar occupation, and were put there for the benefit of the tenant and were removable by him. There is doubt as to the water closet, but we reach the conclusion that this property was also removable and was removable without unnecessary damage to the freehold. There is still more doubt as to whether the Yale lock is removable as a trade fixture. This was installed by Kerr during his period of occupation. It was in his judgment necessary to the protection of his offices and the property located therein. The Yale lock was placed in his office as an additional security. We therefore reach the conclusion that the Yale lock was removable as a trade fixture. Finding no error in the judgment and the evidence being sufficient to sustain the defendant's claim,, we are of opinion that the judgment must be affirmed.

HORNBECK and KUNKLE, JJ, concur.